FILED

2025 JUN -6 PM 1:13

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

David A. Freeman,

Plaintiff, pro se,

v.

Newton District Court (Middlesex County, MA); Mary E. Heffernan (Justice, Newton District Court, in her official capacity); Charles Schultz (Clerk of Courts, Newton District Court, in his official capacity); Larry Oakstein (Assistant District Attorney, Middlesex County, in his official capacity),

Defendants.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal-question jurisdiction), 28 U.S.C. § 1343(a)(3) (civil-rights), and 42 U.S.C. § 1983 (deprivation of civil rights). Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because all relevant events occurred in Massachusetts, including filings and hearings in Newton District Court.

## II. INTRODUCTION AND DISCLAIMER

This action arises from a fundamentally unfair hearing held on December 10, 2024 in Newton District Court, where Plaintiff's constitutional rights were violated. At that hearing, Judge Heffernan concealed key evidence, refused to consider Plaintiff's motions, and admitted unchecked hearsay, effectively depriving Plaintiff of due process. By the Court's own transcript, Plaintiff was the only party not informed of an Emergency Risk Protection Order (ERPO) executed against him days earlier. Plaintiff notes that references to any ERPO in this Complaint are for factual context only; no ERPO is itself part of the constitutional or injunctive relief sought.

## III. FACTUAL BACKGROUND

1.  Shoulder surgery and disability (Sept. 3, 2024).  In September 2024, Plaintiff underwent reconstructive shoulder surgery, leaving him temporarily disabled.  He informed the court on December 10 that he could not care for himself physically and had to travel ~1,500 miles to Massachusetts for the hearing.  The judge ignored these facts and made no ADA accommodations despite Plaintiff's request.

2.  November 10, 2024 – Fraudulent Baker Act petition.  On November 10, 2024, Cameron Freeman (Plaintiff's family member) initiated a false "wellness check" under Florida's Baker Act, targeting Plaintiff.  The Florida authorities found no grounds for the commitment, conclusively rejecting the petition as baseless .  (This event reveals a coordinated effort to discredit Plaintiff by misuse of protective-orders proceedings.)

3.  November 27, 2024 – False third-party report by Hurley.  On November 27, 2024, Defendant Zachary M. Hurley submitted a fraudulent report to the Pinellas County Sheriff's Office (FL), falsely alleging that Plaintiff had violated a restraining order.  Hurley was not the protected person and was outside Pinellas County, so the report was objectively invalid and rejected.  Hurley did not disclose this misconduct in Newton District Court, even though the Court and its officers later heard his testimony.  These facts were known to Defendants but were concealed on the record, demonstrating a deliberate pattern of structural concealment.

4.  December 2, 2024 – Burglary by Hurley.  On December 2, 2024, Hurley burglarized Plaintiff's business (Boston Jeepz, in Quincy, MA).  No arrest or charges followed, despite eyewitness accounts and video evidence.  This crime heightened Plaintiff's safety concerns and underscored the risk of holding the hearing locally for Plaintiff.  (Notably, this event is confirmed in the litigation timeline .)

5.  December 3, 2024 – Newton District Court hearing (undocketed).  On December 3, 2024, Plaintiff returned to Massachusetts for a scheduled hearing in Newton District Court.  Although this proceeding does not appear on the official docket, Plaintiff was present for a hearing related to the same protective-order matters (stemming from Tara Freeman's restraining order petitions).  This December 3 hearing is the predicate for the Orders entered on December 10 .

6.  December 4, 2024 – ERPO execution.  On December 4, 2024, Newton Police executed an Emergency Risk Protection Order (ERPO) at Plaintiff's residence, seizing his firearms and property without a prior judicial hearing or findings.  The ERPO was presented as targeting Plaintiff, though he had not been named in the underlying affidavit.  Neither Plaintiff nor his counsel was given notice of the ERPO before or during the subsequent district court hearing.  All other participants (Hurley, Tara Freeman, Cameron Freeman) knew of the ERPO, while Plaintiff remained uninformed until after the hearing.

7.  December 5–6, 2024 – Docket filings and order extensions.  In the days following the ERPO, Defendants added new material to the 209A restraining-order cases.  On

December 5, 2024, affidavits and evidence were filed on the Newton District Court docket; on December 5–6, the court continued the restraining orders via a fabricated "service" (with no sworn process server) . These actions improperly extended the Orders without proper notice or individualized findings. (The official records were thereby manipulated – for example, Plaintiff's December 3, 2024 affidavit was later misdated as December 9 in the transcript.)

8. December 10, 2024 – Newton District Court hearing. Plaintiff appeared pro se on December 10, 2024, for consolidated hearings on three related 209A dockets (Nos. 2412RO000137, 2412RO000141, 2142RO000142). Defendants present included Judge Mary E. Heffernan, Clerk Schultz, ADA Oakstein, Hurley (the petitioner-victim), and Tara and Cameron Freeman (the petitioning family members). At this hearing:

   o Judge Heffernan refused to consider Plaintiff's venue-change motion, explicitly stating "I am refusing to hear a change of venue," despite Plaintiff's serious safety and disability concerns. She made no inquiry into the motion's merits and summarily denied it.

   o Plaintiff reiterated that he was disabled by recent surgery and could not travel freely. The Court again dismissed these concerns and offered no ADA accommodation.

   o Hurley testified and repeatedly narrated an unsworn account of police contact over a Twitter post by Plaintiff, claiming that Boston police "couldn't do much" about it. No police report, affidavit, or other documentation was presented to corroborate this claim. Nonetheless, the Court admitted this hearsay testimony into the record. Plaintiff had objected to this uninvestigated statement as hearsay, but the Court overruled him without requiring verification.

   o In contrast, the Court gave no weight to Plaintiff's own protests or evidence. In effect, the Court inverted the roles of plaintiff and petitioner: it treated Plaintiff's evidence and objections as if he were the opposing party, rather than the person seeking to preserve his rights.

   o Despite virtually no probative evidence against Plaintiff, the Court granted Hurley's petitions. The restraining orders were entered with no on-the-record factual findings and no explanation for why they were warranted . The transcript of the hearing itself shows missing entries and cut-off dialogue when Plaintiff spoke, underscoring the procedural irregularities.

These cumulative actions at the December 10 hearing demonstrate suppression of exculpatory evidence, wilful misrepresentation of facts, and arbitrary decision-making. By the Court's own transcript, Defendants orchestrated an "inverted narrative" and systemic concealment that

deprived Plaintiff of any fair hearing. As a result of these violations, all orders entered on December 10, 2024 are void ab initio under the Due Process Clause.

# IV. LEGAL CLAIMS

Count I – Denial of Due Process (U.S. Const. amend. XIV). Defendants violated Plaintiff's fundamental due process rights at the December 10 hearing. They failed to notify Plaintiff of critical proceedings (the ERPO and restraining order filings), concealed evidence (e.g. the ERPO) from him, and refused to entertain his basic legal motions. The Court admitted hearsay testimony without verification and systematically refused to make any individualized findings. This conduct "forfeited the judicial legitimacy of the proceeding" (Johnson v. Zerbst, 304 U.S. 458 (1938)) and violated settled due-process standards. As a matter of law, Plaintiff was denied notice, hearing, and fair adjudication – a denial of due process that renders the orders void.

Count II – ADA Title II Violation (42 U.S.C. § 12132). The ADA prohibits discrimination by public entities on the basis of disability. Plaintiff expressly requested reasonable accommodations (including a change of venue due to his disability), but Defendants categorically refused without engaging in the required assessment under 42 U.S.C. § 12132 or its implementing regulations (e.g. 28 C.F.R. § 35.130(b)(7)). The Court's flat refusal to consider Plaintiff's ADA-related motion or inquire into his physical limitations constituted a Title II violation. By denying Plaintiff a fair hearing environment due to his disability, Defendants acted in derogation of the ADA and the Rehabilitation Act (see 29 U.S.C. § 794, incorporated by 42 U.S.C. § 12133).

Count III – Structural Concealment and Fraud. Defendants engaged in systematic concealment of material facts and allowed fraudulent submissions to pervert the judicial process. For example, Mr. Hurley submitted a patently false affidavit in Florida and then misrepresented the facts of that filing on the Newton court record. Crucial facts known to Defendants (such as Hurley's falsified report and actual address) were not disclosed in court. These omissions and manipulations were part of a broader effort by Defendants and their affiliates (including Tara and Cameron Freeman) to "forum-shop and discredit" Plaintiff . This amounts to fraud upon the court and "structural concealment" of evidence – a pattern of misconduct that undermines any presumption of a fair hearing.

Count IV – Judicial Bias and Narrative Inversion. Judge Heffernan demonstrated overt bias against Plaintiff throughout the proceeding. She candidly refused to consider Plaintiff's venue-motion on irrelevant grounds, and repeatedly discounted Plaintiff's legitimate legal arguments. At the same time, she allowed an impermissible "narrative inversion" of the evidence: Plaintiff's own statements were treated as though they were coming from the opposing party, while Hurley's baseless allegations were taken at face value. This inversion of roles – confirmed by the official transcript – cannot be squared with the impartiality required under 42 U.S.C. § 1983 and Article XIV. In short, the presiding judge abandoned her neutrality and engaged in bias, tainting the entire proceeding.

Count V – Evidentiary Misconduct. Defendants knowingly relied on inadmissible and unverified evidence to impose restraints on Plaintiff. Hurley's testimony about police actions was pure hearsay without any affidavit, report, or witness to back it up. Despite Plaintiff's objections, the Court introduced this uninvestigated narrative into the record as though it were true. At the same time, Plaintiff's own evidentiary submissions were disregarded or mischaracterized. The official transcript was altered (e.g. a clearly audible objection was omitted), and the timing of key affidavits was misrepresented (Plaintiff's Dec. 3 affidavit was recorded as Dec. 9). These acts of falsification and misdating – akin to violation of Fed. R. Evid. 602/802 – constitute blatant evidentiary misconduct. They deny Plaintiff the ability to test the evidence under normal rules, in violation of due process.

Count VI – Witness Misconduct and Perjury. Key participants in the hearing committed perjury and misconduct, and Defendants allowed it without sanction. Hurley knowingly provided false testimony: he had filed a fraudulent restraining-order affidavit in Florida, yet he did not correct this on the stand. He also made demonstrably false statements (e.g. a supposedly completed police report) during the Newton hearing. Similarly, Tara and Cameron Freeman introduced claims in the Newton case that were contradicted by other records (Tara's affidavit captured venue improperly, Cameron's Baker Act report was baseless). None of these lies were caught or corrected. Allowing witnesses to mislead the court and failing to challenge their perjury violates 18 U.S.C. § 1623 and civil-law principles. Defendants' inaction in the face of these deceptions further compounded the injustice.

Count VII – Retaliatory Venue Bias. Plaintiff's motion to transfer venue to a neutral court was denied not on any valid legal ground but out of apparent retaliation. The uncontroverted record shows Plaintiff had valid reasons for requesting a change (his disability, conflicts of interest in Newton, and safety risks). Judge Heffernan's flat refusal – "I am refusing to hear a change of venue" – reflects a punitive bias against Plaintiff. By punishing Plaintiff for demanding a fair forum, Defendants violated the Due Process Clause and the Equal Protection principles embodied in 42 U.S.C. § 1983. This type of forum-based retaliation is impermissible under both federal law and the ADA (which forbids retaliation for asserting rights).

Count VIII – Declaratory Relief (28 U.S.C. § 2201). Plaintiff requests a judicial declaration that the December 10, 2024 proceedings and all resultant orders are void ab initio. As shown above, the hearing was tainted by constitutional and statutory violations (suppression of evidence, lack of notice, ADA denial, etc.). Under 28 U.S.C. § 2201 and principles of federal due process, these orders cannot stand and should be declared null. Plaintiff has no adequate remedy at law, and such a declaration is necessary to end the ongoing harm caused by these void judgments.

Count IX – Injunctive Relief (28 U.S.C. § 2202). Plaintiff seeks a permanent injunction enjoining Defendants (Newton District Court, its officers, and any agents) from enforcing the December 10, 2024 restraining orders or taking any further action in the related cases without express authorization from this Court. The continuing enforcement of those orders – already shown to be constitutionally defective – imposes an ongoing injury. An injunction is thus required to prevent further irreparable harm. Specifically, Plaintiff asks that this Court stay the effect of the

December 10 orders, prohibit any law-enforcement or judicial enforcement of them, and bar any new petitions or prosecutions in those Newton 209A cases unless expressly approved by a federal court.

Count X – Federal Supervisory Review (28 U.S.C. §§ 1651, 1361). Plaintiff invokes this Court's inherent authority to protect federal rights when state processes fail. The All Writs Act (28 U.S.C. § 1651) and mandamus powers (28 U.S.C. § 1361) allow federal courts to issue extraordinary writs to control lower tribunals and preserve jurisdictional structures. Here, no state appeal will cure the embedded constitutional violations in the record. Unless checked by federal review, Newton Court and its affiliates (including the petitioning Freemans and Mr. Hurley) will continue to infringe Plaintiff's rights. Plaintiff therefore requests supervisory relief, up to and including issuing writs to vacate the state orders and restrain Defendants from further enforcement.

# V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Declare that the December 10, 2024 hearing and all orders entered at that hearing are void ab initio;

2. Enter a permanent injunction staying enforcement of those orders and prohibiting Defendants (and their agents) from initiating or continuing any proceedings against Plaintiff in the Newton cases without federal court permission;

3. Order correction or nullification of the official December 10, 2024 transcript and any related judicial records (to reflect accurately Plaintiff's filings and objections);

4. Bar the Newton District Court and its officers from imposing any new civil or criminal process on Plaintiff in these matters without federal oversight;

5. Award Plaintiff the costs of suit and reasonable attorneys' fees under 42 U.S.C. § 1988; and

6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

David A. Freeman

Plaintiff, pro se

Email: service@BostonJeepz.net

Dated: June 5, 2025